11-389-cv
Kraft Foods Global, Inc. v. Starbucks Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of  February, two thousand eleven.

Present:
      AMALYA L. KEARSE,
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
           *Circuit Judges*.

_____

KRAFT FOODS GLOBAL, INC.,

    *Plaintiff-Appellant*,

        v.                  No. 11-389-cv

STARBUCKS CORPORATION,

    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:      WILLIAM P. QUINN, JR., Morgan, Lewis & Bockius LLP, Philadelphia, Pa. (Kathleen McFarlane Waters, Morgan, Lewis & Bockius LLP, Philadelphia, Pa., R. Ted Cruz, Allyson N. Ho, Morgan, Lewis & Bockius LLP, Houston, Tex., *on the brief*)

For Defendant-Appellee:      AARON M. PANNER, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C. (Wan J. Kim, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C., Maria Barton, Paul A. Serritella, Latham & Watkins LLP, New York, N.Y., *on the brief*)

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Kraft Foods Global, Inc. ("Kraft") appeals from an order of the United States District Court for the Southern District of New York (Seibel, *J.*) entered on January 31, 2011, denying Kraft's application for a preliminary injunction. By letter dated November 5, 2010, Defendant-Appellee Starbucks Corporation ("Starbucks") notified Kraft that, effective March 1, 2011, it will terminate a distribution agreement and certain other related agreements between the parties on the basis that Kraft materially breached its obligations under the distribution agreement and failed to cure those breaches. Kraft seeks a preliminary injunction in order to prevent Starbucks from terminating these agreements pending an arbitrator's resolution of Starbucks' allegations of material breach. In its January 28, 2011 bench decision, the district court denied Kraft's application for a preliminary injunction on the ground that Kraft failed to establish a likelihood that it would be irreparably harmed absent injunctive relief. We assume the parties' familiarity with the facts and procedural history of this case.

We review a district court's denial of a preliminary injunction for abuse of discretion. *Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

In order to obtain a preliminary injunction, the movant must show, *inter alia*, "that irreparable injury is *likely* in the absence of an injunction." *Winter v. NRDC*, 129 S. Ct. 365, 375

(2008) (emphasis in original); *see also Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34, 37 n.6 (2d Cir. 2010). "To satisfy the irreparable harm requirement, [p]laintiff[] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). In assessing the possibility of irreparable harm, courts "must not adopt a 'categorical' or 'general' rule or presume that the plaintiff will suffer" such harm, but instead "must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for that injury.'" *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 393-94 (2006)).

For substantially the reasons stated by the district court in its ruling from the bench, we conclude that Kraft has failed to show that it faces an actual and imminent risk of injury that cannot be compensated by money damages. We therefore hold that the district court did not abuse its discretion by denying the preliminary injunction.

We have considered Kraft's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
